UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN J HARRIS JR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SGT M. BARROSO, *et al.*,<br><br>　　　　Defendants. | No. CV 19-800 DDP (FFM)<br><br>ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |

## I. PROCEEDINGS

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed the Complaint herein on February 1, 2019. (Docket No. 1.) The Court has reviewed the complaint under 28 U.S.C. §§ 1915(g) and 1915A in order to determine whether this action is frivolous and malicious; sues an immune defendant; or fails to state a claim on which relief can be granted. As plaintiff's failure to exhaust available administrative remedies appears on the face of the Complaint, the Court orders plaintiff to show cause why this action should not be dismissed without prejudice.

## II. ALLEGATIONS

On October 23, 2018, plaintiff was involved in a riot in "B-yard" at Salinas Valley State Prison ("SVSP"). Defendant Sergeant M. Barroso arrived after the riot

///

and interviewed the inmates involved. However, he did not interview plaintiff, as plaintiff was receiving medical attention at the time.

After plaintiff received medical attention, he was sent directly to administrative segregation ("ad/seg"). Plaintiff was never interviewed and was not given the opportunity to sign a "marriage chrono" (also known as a "128-B chrono" or a "compatibility chrono") to get back to B-yard. The next day, plaintiff received a "114D lock up order" written or authorized by defendants Lt. H. Clavijo and Captain R. Quintero. The order falsely stated that plaintiff was interviewed after the riot, that he had safety concerns, and that he refused to sign the marriage chrono. Plaintiff was concerned that the order could get him hurt if he were transferred to a different prison and placed in the general population.

Plaintiff filed a grievance. At his disciplinary hearing, non-defendant Lt. Martinez told plaintiff that the officers who wrote the order sought to get plaintiff transferred to another prison. Martinez told plaintiff that the officers based their decision on information provided by a confidential source, who told them plaintiff started the riot. (*Id.*)

Subsequently, plaintiff was given his RVR supplemental report, which is attached to the Complaint. In the report, Barroso claimed that after the riot, plaintiff stated he would not sign the chrono and he wanted to "812" the other participants because he considered them enemies. Clavijo claimed that Barroso told him plaintiff had refused to cooperate with Barroso regarding the interview and chrono.

Right before plaintiff was transferred to California State Prison – Lancaster ("CSP-Lancaster"), Clavijo and Quintero told plaintiff they had made a big mistake in stating in the 114D lock up order that plaintiff had safety concerns and refused to sign the chrono. They told plaintiff to get rid of the order, as it could put him in danger. Plaintiff got rid of the order, and the order was corrected. However, the inmates who were involved in the riot learned that plaintiff was supposedly sent to ad/seg because of self-expressed safety concerns. The inmates relayed that false information to

inmates at CSP-Lancaster.  Because of that false information, plaintiff was jumped by three inmates five days after arriving at CSP-Lancaster.  Plaintiff lost a tooth and suffered a fractured jaw.

There is a grievance procedure at SVSP.  Plaintiff filed a grievance *circa* November 13, 2018 ("Appeal SVSP 18-6443").  Plaintiff requested an interview, a chance to sign the marriage chrono, and the correction of his lock-up order.  He named defendants as wrongdoers and expressed concern about the false lock-up order.  Plaintiff reached the second level of review on December 18, 2018.  The grievance procedure is not completed.  Plaintiff is waiting for the appeal coordinator's response, which has been delayed.

## III.  ANALYSIS

A. Standard of review.

Dismissals for failure to state a claim under 28 U.S.C. §§ 1915 and 1915A use the same standards as those applied to dismissals under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory.  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Finally, *pro se* litigants in civil rights cases should be given leave to amend their pleadings unless it is absolutely clear that the deficiencies cannot be cured by amendment.  *Lopez*, 203 F.3d at 1127-29.

///

///

B. <u>Discussion</u>.

The PLRA requires that inmates exhaust all available administrative remedies before filing "any suit challenging prison conditions," including, but not limited to, suits under Section 1983. *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006). Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *Woodford*, 548 U.S. at 90. As relevant, a California prisoner's administrative remedies are not deemed exhausted unless the prisoner completes the third level of administrative review. Cal. Code Regs. tit. 15, § 3084.1(b).

Exhaustion must be completed prior to filing suit; completion during the pendency of the litigation does not satisfy the PLRA. *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002). If exhaustion is not completed prior to filing suit, the unexhausted claims must be dismissed without prejudice. *Id.* However, an inmate is required to exhaust only *available* remedies. *Booth*, 532 U.S. at 736; *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005). To be available, a remedy must be available "as a practical matter"; it must be "capable of use; at hand." *Brown*, 422 F.3d at 937.

"[F]ailure to exhaust is an affirmative defense under the PLRA," and prisoner plaintiffs are therefore not required to "specially plead or demonstrate" exhaustion in their complaints. *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). However, where failure to exhaust appears plainly on the complaint's face, the complaint may be subject to dismissal for failure to state a claim. *Id.* at 215; *see also Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled on another ground by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies"); *Eha v. California Inst. for Men*, No. CV 15-7787-AB (GJS), 2015 WL 8664155, at *3 (C.D. Cal. Dec. 10, 2015) (*sua sponte* dismissing prisoner's pleading at screening stage on ground that failure to exhaust appeared on pleading's face).

4

Here, plaintiff states in the Complaint that he did not complete administrative procedures before filing. His attachments are in line with this assertion, in that they indicate he has only reached the second level of review on Appeal SVSP 18-6443. Plaintiff's allegations of delay do not plausibly suggest the unavailability of the grievance procedure. Appeal SVSP 18-6443 appears to be duly progressing through the review levels, and in fact plaintiff signed the Complaint barely a month after completing second-level review.

It therefore appears on the Complaint's face that plaintiff did not exhaust available administrative remedies before filing suit. Accordingly, the Court will grant plaintiff the opportunity to show cause why this action should not be dismissed without prejudice.

### IV. ORDER

For the foregoing reasons, the Court orders plaintiff to show cause in writing, **within 30 days of this order's date,** why this action should not be dismissed without prejudice for the failure to exhaust administrative remedies before filing. **Plaintiff is hereby warned that if he fails to respond in writing to this order, or if his submission fails to show cause as specified, the Court will recommend the dismissal of this action without prejudice.**

DATED: February 21, 2019

                                      /s/ Frederick F. Mumm
                                          FREDERICK F. MUMM
                                         United States Magistrate Judge