UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MELVIN J. HARRIS, JR.,
Plaintiff,
v.
M. BARROSO, et al.,
Defendants.

NO. CV 19-0800-FMO (AGR)

**ORDER OF DISMISSAL**

***I. Procedural History***

On February 1, 2019, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. (Dkt. No. 1.) Defendants are California State Prison Correctional Sargent M. Barroso, Lieutenant H. Clavijo, and Captain R. Quintero, in their individual and official capacities. The complaint was based on a prison riot incident involving Plaintiff that occurred on October 23, 2018, at the Salinas Valley State Prison.

On November 12, 2019, Defendants filed a motion to dismiss the complaint on the grounds that Plaintiff failed to state a cognizable claim under the Eighth and Fourteenth Amendments; that Defendants are entitled to qualified immunity; and that the complaint violates Rule 8 of the Federal Rules of Civil Procedure. (Dkt. No. 40.) Although the magistrate judge granted several requests for extension of time to file an opposition (*see* Dkt. Nos. 44, 46, & 48), Plaintiff has

not filed an opposition.[1] Meanwhile, by court order on April 29, 2020, the case was reassigned to a different magistrate judge. (Dkt. No. 49.) On May 11, 2020, the order informing Plaintiff of the reassignment was returned by the postal service marked "discharged." (Dkt. No. 50.)

***II. Inability to Contact Plaintiff***

Local Rule 41-6 requires that a Plaintiff proceeding *pro se* must keep the Court apprised of the Plaintiff's current address. In addition, Local Rule 41-6 provides that "the Court may dismiss the action with or without prejudice for want of prosecution" if the Plaintiff fails to notify the Court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable by the Postal Service.

Plaintiff has failed to notify the court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable as required in Local Rule 41-6. Neither defense counsel nor the Court is able to contact Plaintiff.

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the court).

The first two factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.

Plaintiff has failed to notify the court of his current mailing address and has

[1] Plaintiff's opposition to the motion to dismiss was due on or before March 31, 2020. (Dkt. No. 48.)

rendered it difficult if not impossible for the court or defense counsel to contact him.[2] Plaintiff's conduct hinders the court's ability to move this case toward disposition.

The third factor – prejudice to defendants – weighs in favor of dismissal or is at best neutral. A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently. *Eisen*, 31 F.3d at 1452-53. That presumption may be rebutted when a plaintiff proffers an excuse for delay. Here, Plaintiff failed to offer any reason for his failure to inform the Court of his current address.

The fourth factor – public policy in favor of deciding cases on their merits – also favors dismissal. It is plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to notify the court of a means by which the Court can contact him.

Moreover, in addition to failing to inform the court of his current address, Plaintiff failed to timely file an opposition to Defendants' Motion to Dismiss after seeking and obtaining numerous extensions to do so.

The fifth factor – availability of less drastic sanctions – weighs in favor of dismissal, again because Plaintiff has failed to keep the court apprised of his current address or other means of contacting him. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold

---

[2] To be sure, Plaintiff has demonstrated that he is aware of his duty to notify the court of his current address and that he knows how to do so. During the pendency of this case, Plaintiff filed four notices of change of address: on February 19, 2019 (Dkt. No. 6), February 28, 2019 (Dkt. No. 10), April 26, 2019 (Dkt. No. 24), and August 19, 2019 (Dkt. No. 29).

a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.").

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. Absent a current address for Plaintiff or other means of contacting him, there is nothing more the court can do.

Accordingly, IT IS HEREBY ORDERED that:

1. All pending motions are denied as moot.

2. This action is dismissed without prejudice. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). This order is without prejudice to Plaintiff's ability to file a motion to reopen the case within 30 days after entry of this order. Failure to file a motion to reopen within 30 days of the filing of this Order shall result in the entry of judgment dismissing the case without prejudice.

Dated this 31st day of August, 2020.

/s/

FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE